**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATHAN, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD J. TRUMP*, et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-3377** |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Clara, Edward, and Patricia are foreign nationals who are or soon will be parents of children born in the United States. See ECF No. 1 (Compl.), ¶¶ 14–16. Plaintiff Nathan is the child of Clara, who sues as his next of friend. Id., ¶ 14. In this suit, Plaintiffs challenge the Executive Order entitled "Continuing to Protect the Meaning and Value of American Citizenship," which would deny Nathan and the remaining Plaintiffs' forthcoming children United States citizenship. See Exec. Order No. 14,418, 91 Fed. Reg. 51,991 (2026) ("the Order"). Plaintiffs seek to proceed pseudonymously, invoking the sensitive and personal nature of the information at issue — including details regarding their immigration statuses — as well as the employment and immigration-related retaliation risks they would face if their names were publicly linked to the lawsuit. See ECF No. 3 (Mot.). The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "customary and constitutionally[ ]embedded presumption of openness in judicial proceedings." Doe v. Hill, 141 F.4th 291, 293 (D.C. Cir. 2025) (quotation marks and citation omitted). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019)). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II. Analysis

The Court notes at the outset that, as a minor, Nathan is already entitled to proceed under his initials only. See Fed. R. Civ. P. 5.2(a); see, e.g., E.G.W. v. D.C., 2026 WL 407380, at *1 (D.D.C. Feb. 13, 2026). The Court thus will focus its analysis on the propriety of Clara, Patricia, and Edward's proceeding pseudonymously, addressing the five factors in turn.

The first factor supports granting the Motion. Plaintiffs do not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). "The Court has recognized that the details of a plaintiff's immigration status constitute a privacy interest that overcomes the need for disclosure in litigation." N. v. United States Dep't of Health & Hum. Servs., 2026 WL 571216, at *2 (D.D.C. Mar. 2, 2026). Clara, Edward, and Patricia are foreign nationals who have or will have children born here in the United States. See ECF Nos. 3-1, Exh. A (Clara Decl.), ¶¶ 5, 8; 3-2, Exh. B (Patricia Decl.), ¶¶ 6–7; 3-3, Exh. C (Edward Decl.), ¶ 5. Two live and work in the United States, see Patricia Decl., ¶¶ 3–5; Clara Decl., ¶¶ 3–4, 14, while Edward lives in Australia but will arrive in the United States on a visa in the next few weeks to pick up his daughter, who will be born via a surrogacy. See Edward Decl., ¶¶ 16, 24–29. This litigation will therefore necessarily reveal sensitive facts about not only plaintiffs' immigration statuses, but also that of their children. That cuts in favor of pseudonymity.

Factor two does, too. This factor considers whether a plaintiff faces a "risk of retaliatory physical or mental harm" from disclosure, In re Sealed Case, 971 F.3d at 326 (citation omitted), and is strongest when plaintiffs identify particular, concrete threats. Each Plaintiff avers that he or she is fearful of facing adverse immigration consequences — including the revoking of their visas or removal from the United States — if he or she were to be publicly linked to a suit challenging the Executive's immigration policy. See Clara Decl., ¶ 14; Patricia Decl., ¶ 15; Edward Decl., ¶ 29. Although Plaintiffs do not cite any particular examples of immigration officials targeting people like them, each avers that he or she has heard of the Government's retaliating against individuals who protest or sue it by revoking their immigration statuses or failing

to renew their visas. See Clara Decl., ¶ 14; Patricia Decl., ¶ 15; Edward Decl., ¶ 46. This Court has recognized that retaliatory conduct by immigration officials in similar situations can be sufficient to establish risk warranting pseudonymous proceedings. N., 2026 WL 571216, at *2. Plus, "a less particular showing is needed to prevail on this factor" where, as here, "potential retaliation holds serious consequences," including immigration consequences, such as deportation or removal. Id. (quotation marks and citation omitted). Clara and Patricia also allege that they fear they will lose their jobs if they must proceed in their own names, as they both work for international organizations — of which the United States is a member — in the United States, and their ability to remain employed at these organizations is linked to their ability to remain lawfully in the United States. See Clara Decl., ¶ 14; Patricia Decl., ¶ 16. These "employer-related risk[s] heighten[] the likelihood of adverse employment action against Plaintiff[s]" Clara and Patricia, only bolstering their case for proceeding pseudonymously. Doe v. U.S. Citizenship & Immigr. Servs., 2025 WL 2851639, at *2 (D.D.C. Oct. 8, 2025).

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — also weighs in favor of pseudonymity. As this Court has explained, where adult plaintiffs are suing as next friends of children or to vindicate the interests of their children, this factor strongly favors pseudonymity. See N., 2026 WL 571216, at *3 (collecting cases). That is because Plaintiffs share key identifying information with their children, such as last names, so divulging Plaintiffs' names risks disclosing their children's. See J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016).

The fourth factor also weighs in favor of pseudonymity. Plaintiffs are suing a government defendant and seeking individualized relief. In such cases, courts have generally

favored pseudonymity. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); see also Am. Foreign Serv. Ass'n v. State, No. 24-3385, ECF No. 8 (Mem. Op) at 5–6 (D.D.C. Dec. 11, 2024) (fourth factor favors pseudonymity where plaintiffs sought review of individual benefit denials); J.W., 318 F.R.D. at 201 ("[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.") (quotation marks and citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request").

Finally, the fifth factor favors pseudonymity, too, as the Government would suffer no "risk of unfairness" if the Motion were granted. In re Sealed Case, 971 F.3d at 327 (quoting In re Sealed Case, 931 F.3d at 97). Plaintiffs have offered to reveal their identity to the Government pursuant to a protective order. See Mot. at 7. In such circumstances, this factor tilts against disclosure. See John Smith 1 v. Syrian Arab Republic, 2026 WL 2364468, at *3 (D.D.C. Aug. 14, 2026) ("This Court has repeatedly recognized, moreover, that pseudonymity is unlikely to prejudice a government defendant where the plaintiff has offered to reveal his name and address under seal."); Doe v. Rubio, 2026 WL 249396, at *3 (D.D.C. Jan. 30, 2026).

In sum, all factors weigh in favor of granting the Motion to proceed pseudonymously. That lopsided balance resolves the matter in Plaintiff's favor, at least on the current record.

Separately, Plaintiffs seek permission to file certain future documents under seal.

Specifically, they ask the Court to direct that Plaintiffs be "permitted to file subsequent declarations and related exhibits under seal." Mot. at 7 (formatting altered). This Court cannot do so. That request stretches beyond this Court's preliminary review and into the case-management responsibilities that the particular judge overseeing this litigation will undertake. See LCvR 40.7(f) (consigning review of "motion to seal the complaint" to Chief Judge). As Plaintiffs have already publicly filed their Complaint and seek only to file future documents under seal, the Court will deny this part of their Motion.

The Court accordingly ORDERS that:

1. Plaintiffs' [3] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;
2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;
3. For all public filings, the parties shall redact Plaintiffs' names, ages, dates of birth, Social Security numbers, Alien Registration numbers, and any other personally identifying information that could lead to the identification of Plaintiff by non-parties; and
4. Within fourteen days of this Order, Plaintiffs must file:
    i. A pseudonymous version of their [3] Motion on the public docket; and
    ii. Sealed declarations containing their real name and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 8, 2025